Argued and submitted May 20, 1998, affirmed April 21, 1999

Robert D. GRAHAM,
*Appellant,*

*v.*

BRIX MARITIME CO.,
a Delaware corporation doing business as
Foss Maritime Co.,
*Respondent,*

*and*

FOSS MARITIME CO.,
*Defendant.*

(9508-05510; CA A95063)

979 P2d 765

Robert K. Udziela argued the cause for appellant. With him on the briefs was Pozzi Wilson Atchison.

Jay W. Beattie argued the cause for respondent. With him on the brief were Thomas E. McDermott and Lindsay, Hart, Neil & Weigler, LLP.

Before Edmonds, Presiding Judge, and Deits, Chief Judge, and Armstrong, Judge.

DEITS, C. J.

**DEITS, C. J.**

Plaintiff was injured while working as a deckhand on the tugboat *Lewiston*, which is owned and operated by defendant Brix Maritime Co. He brought this action under the Jones Act, 46 USC § 688, stating claims based on negligence and unseaworthiness. Defendant interposed an affirmative defense of contributory negligence. In response to a special verdict form, the jury found for defendant on the allegations of both of plaintiff's claims and, therefore, did not reach the affirmative defense in connection with either. Plaintiff appeals and makes four assignments of error. We find that only his first and last assignments merit discussion. We affirm.

■     Plaintiff contends in his first assignment that the trial court erred by excluding portions of the deposition of one of the boat's captains, Stu Richard, that plaintiff sought to introduce as substantive evidence. ORS 45.250 provides, in relevant part:

"(1)   At the trial or upon the hearing of a motion or an interlocutory proceeding, any part or all of a deposition, so far as admissible under the rules of evidence, may be used against any party who was present or represented at the taking of the deposition or who had due notice thereof, in accordance with any of the following provisions of this subsection:

"* * * * *

"(b)   The deposition of a party, or of anyone who at the time of taking the deposition was an officer, director or managing agent of a public or private corporation, partnership or association which is a party, may be used by an adverse party for any purpose.

"(2)   At the trial or upon the hearing of a motion or an interlocutory proceeding, any part or all of a deposition, so far as admissible under the rules of evidence, may be used against any party for any purpose, if the party was present or represented at the taking of the deposition or had due notice thereof, and if the court finds that:

"* * * * *

"(c)   The party offering the deposition has been unable to procure the attendance of the witness by subpoena[.]"

Plaintiff contends that Richard, as a captain of the boat, was a "managing agent" of defendant, within the meaning of ORS 45.250(1)(b). Alternatively, he argues that, because Richard lives in Washington state, is frequently away at sea, and was apparently away during part of the trial, his attendance could not be procured by subpoena for purposes of ORS 45.250(2)(c).[1] We conclude that plaintiff did not establish that the deposition evidence was admissible on either basis.

Plaintiff relies on *Rich v. Tite-Knot Pine Mill*, 245 Or 185, 421 P2d 370 (1966), as support for his "managing agent" theory. The court held in that case that the deposition of the defendant's mill superintendent was admissible under ORS 45.250(1)(b), and explained:

"Defendant was a corporation and in so far as the evidence discloses had no plant or activity other than the one with which we are concerned. The superintendent was in charge of both the day and the night shifts." *Rich* at 201.

Richard's role in defendant's operations here was not comparably prominent. Defendant is a foreign corporation. Its business operations in Oregon were not limited to the single boat on which plaintiff served. Moreover, Richard did not have complete preeminence even on that boat. The *Lewiston* was operated as a double-crewed tugboat, with two captains and two deckhands, respectively, working alternating shifts.

*Black's Law Dictionary*, 59 (5th ed 1979), defines "managing agent" as:

"A person who is invested with general power, involving the exercise of judgment and discretion, as distinguished from an ordinary agent or employee, who acts in an inferior capacity, and under the direction and control of superior authority, both in regard to the extent of the work and the manner of executing the same. One who has exclusive supervision and control of some department of a corporation's business, the management of which requires of such

---

[1] The parties appear to agree that Richard was not *in fact* served with a subpoena.

person the exercise of independent judgment and discretion, and the exercise of such authority that it may be fairly said that service of summons upon him will result in notice to the corporation."

Because ORS 45.250(1)(b) relates to corporations and other business associations, the second sentence of *Black's* definition comes closer than the first to capturing the legislature's probable intended meaning. *See Steele v. Employment Department*, 143 Or App 105, 113, 923 P2d 1252 (1996), *aff'd* 328 Or 292, 974 P2d 207 (1999). Moreover, the statute makes "managing agents" the only corporate personnel to whom it applies other than the corporation's general officers and directors. The import is that "managing agent" refers to a person who enjoys substantial rank and authority. We do not understand the term to encompass an employee like Richard whose status was shown to be nothing more than outranking one other employee and possessing some level of authority over one small corporate operation. We conclude that Richard was not a "managing agent" of defendant, within the meaning of ORS 45.250(1)(b), and that the deposition was not admissible by reason of that provision.

Similarly, we conclude that the trial court did not err in ruling that the evidence was not made admissible by ORS 45.250(2)(c), on the theory that plaintiff was unable to procure Richard's attendance by subpoena. Plaintiff relies on the Supreme Court's decision in *Hansen v. Abrasive Engineering and Manufacturing*, 317 Or 378, 856 P2d 625 (1993), and explains his understanding of that case, as follows:

"[O]nce a party establishes that the witness resides out of state, there is no further inquiry required regarding the party's reasonableness in attempting to procure the witness for trial. If the witness lives out of state, the witness is unavailable under ORS 45.250(2)(c), and the deposition testimony is admissible."

We do not agree with plaintiff's understanding of *Hansen*. The question there, as stated by the court, was

"whether ORS 45.250(2), which refers only to unavailability to service of a subpoena, limits the requirement of OEC 804(1)(e) that a proponent also must demonstrate that some 'other reasonable means' in addition to issuance of a

subpoena were employed to secure the witness." 317 Or at 390.

The court concluded that the "other reasonable means" requirement of OEC 804 is inapplicable when deposition evidence qualifies for admission under ORS 45.250(2)(c), but it did not hold that the "unavailability to service of a subpoena" requirement of the statute itself is not a prerequisite to the admission of the evidence, nor did it hold that a witness who lives out of state is *per se* unamenable to service of a subpoena.[2]

Notwithstanding his out-of-state residence and absences at sea, Richard was in Oregon on a regular basis in connection with his work for defendant. Moreover, there was evidence that a trial date had been set and that a subpoena could have been served on him on the day of the deposition itself.[3] The trial court could and did find that Richard's attendance could have been secured by subpoena. Therefore, the deposition evidence was not admissible under ORS 45.250(2)(c). We reject plaintiff's first assignment of error.

■ In his last assignment, plaintiff asserts that the court erred by refusing to give the following requested instruction:

> "I instruct you that, as a seaman, plaintiff's duty was to do his work as he was directed. He was not obligated to protest against any method of operation which he had been instructed to follow or to devise a safer method, nor was he obligated to call for additional or different equipment."

The requested instruction was derived from federal case law dealing with the defense of contributory negligence in actions under the Jones Act and other federal statutes that, for purposes of the analysis here, are analogous. *E.g.,*

---

[2] Nor did we so suggest in our opinion in *Hansen,* 112 Or App 586, 831 P2d 693 (1992), *rev'd in part on other grounds* 317 Or 378, 856 P2d 625 (1993), on which plaintiff also appears to rely. Our reasoning and holding on the issue in question were in general accord with those later reached by the Supreme Court. We noted, in particular, that "the witnesses here were out of state *and unavailable to process.*" 112 Or App at 594 (emphasis added).

[3] The trial was set over to a later date. However, that does not alter the capability of the fact to support the trial court's finding that Richard *could* have been served.

*Fashauer v. New Jersey Transit Rail Operations*, 57 F3d 1269, 1276-80 (3rd Cir 1995); *Merchant v. Ruhle*, 740 F2d 86, 88 (1st Cir 1984). Under those cases and on its face, the instruction is pertinent only to defendant's contributory negligence/comparative fault affirmative defense. However, the jury found that defendant was not negligent and that the vessel was not unseaworthy as alleged by plaintiff. Therefore, it did not reach the question of plaintiff's alleged negligence or fault in connection with either theory of liability. Consequently, the refusal to give the instruction, if error, was harmless.

Affirmed.